# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE GONZALEZ, et al.,<br><br>            Plaintiffs,<br>   v.<br><br>MILLARD MALL SERVICES, INC., et al.<br><br>            Defendants. | Case No. 09cv2076 BTM (WVG)<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING REQUEST TO FILE SECOND AMENDED COMPLAINT** |

Defendants Millard Mall Services, Inc. and The Millard Group, Inc. have filed a Motion for Partial Judgment on the Pleadings [Doc. 16]. In their opposition, Plaintiffs request leave to file a Second Amended Complaint [Doc. 18]. For the following reasons, the Court **DENIES** Defendants' Motion, and **GRANTS** Plaintiffs' Request to file a Second Amended Complaint.

This is a putative wage-and-hour class-action suit. Plaintiffs have made several claims in this case, but the issue now before the Court focuses on only one of them. Plaintiffs allege that Defendant violated California Labor Code § 212(a). That provision requires employers to issue paychecks which, among other things, may be cashed at a California business whose name and address is listed on the check. Cal. Lab. Code § 212(a). In their administrative notice of claim[1] and in their Amended Complaint, Plaintiffs

---

[1] In order to make a claim under § 212(a), an employee must first give administrative notice to the Labor and Workforce Development Agency and to the employer "of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3(a).

1  allege that Defendants paid them using paychecks from an Illinois bank without including its
2  address on the checks.
3  Although the notice and Amended Complaint state that Defendants issued paychecks
4  from an Illinois bank without putting the Illinois bank's address on the check, this allegation
5  is slightly different from § 212(a)'s requirement that the checks include the address of a
6  California bank where the checks may be cashed.  Because of this discrepancy between the
7  allegations and the requirements of § 212(a), Defendants argue that Plaintiffs' notice of
8  claim, which is a prerequisite to filing a civil action, is deficient.  Defendants also argue that
9  the Amended Complaint, which has the same language as the notice, has the same problem.
10
11  In response, Plaintiffs argue that the notice and Amended Complaint are sufficient
12  because they adequately inform Defendants that the checks are drawn from an out-of-state
13  bank and that they do not state the address of a California business where they can be
14  cashed.
15  The Court declines to resolve this dispute because once Plaintiffs file their Second
16  Amended Complaint it will be moot.  Plaintiffs sent a another administrative notice on
17  February 19, 2010, which states the § 212(a) violations more specifically. (Jusuf Decl., Ex.
18  4.)  And they have requested leave to file a Second Amended Complaint, which also states
19  the violations more specifically.  (*Id.*, Ex. 6.)
20  Under Federal Rule of Civil Procedure 15(a), the Court "should freely give leave [to
21  amend] when justice so requires."  "Four factors are commonly used to determine the
22  propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the
23  opposing party, and futility of amendment." *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir.
24  2007) (quoting *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).
25  Here, the Court finds no evidence of bad faith or undue delay.  Defendants will not
26  suffer prejudice, as the case is in the early stages.  And the amended claims are based on
27  the same set of facts as the original claims.  Lastly, amendment would not be futile because
28  they appear to address the concerns raised by Defendants.

1   Plaintiffs' request to file the proposed Second Amended Complaint is **GRANTED** and
2  the Motion for Judgment on the Pleadings is **DENIED.**
3  **IT IS SO ORDERED.**
4  DATED:  April 6, 2010

Honorable Barry Ted Moskowitz
United States District Judge