UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GONZALEZ, ET AL., | ) | Civil No. 09-CV-2076-BTM(WVG) |
| Plaintiffs, | ) | |
| v. | ) | ORDER REGARDING JOINT STATEMENT OF DISCOVERY DISPUTES |
| MILLARD MALL SERVICES, INC. ET AL., | ) | (Doc. No. 42) |
| Defendants. | ) | |

On September 9, 2010, the Court convened a Discovery Hearing in the above-entitled action. Justian Jusuf appeared on behalf of Plaintiffs, and Brent Giddens appeared on behalf of Defendants. The Court convened the Hearing to address two disputes: (1) whether attorney client privilege and attorney work product doctrine protects Defendant's interviews of putative class members; and (2) whether Plaintiffs are entitled to discover the Millard entity corporate structure. The Court entertained the parties' arguments and ordered further briefing. After a review of the parties' supplemental briefing and all relevant attachments, the Court finds that the attorney client privilege and the work product doctrine do not protect the surrounding facts of Defendants' interviews with putative class members. Discoverable information includes the location and date of the interviews; whether witness attendance was mandatory or voluntary; the identity, other than the interviewees, of those present at the interview; and how many putative class members were interviewed. However, the Court finds that the identities of the witnesses interviewed are not

1  discoverable, and are protected under the work product doctrine because Defendants' decision
2  regarding who to interview may reveal attorney impressions and strategy. The Court finds further
3  that at this class certification phase, information regarding related Millard entities is both relevant
4  and discoverable as it may assist Plaintiffs in defining the scope of the class to be certified.

I.      Discussion

    a.)    Attorney Client Privilege

"[T]he Evidence Code, the attorney-client privilege applies to confidential communications within the scope of the attorney-client relationship even if the communication does not relate to pending litigation; the privilege applies not only to communications made in anticipation of litigation, but also to legal advice when no litigation is threatened." Roberts v. City of Palmdale, 5 Cal.4th 363, 371 (1993). For the communication to be privileged where a corporate entity is the client, "the dominant purpose must be for transmittal to an attorney in the course of professional employment." Holm v. Superior Court, 42 Cal.2d 500, 507 (1954) (disapproved on another point in Suezaki v. Superior Court, 58 Cal.2d 166 (1962).) Documents prepared independently by a party, including witness statements, do not become privileged communications or work product merely because they are turned over to counsel. See Nacht & Lewis Architects, Inc. v. Superior Court, 47 Cal. App. 4th 214 (1996). Here, the Court finds that no attorney client privilege protects the witness interviews. Defendants interviewed their own employees who may later join this litigation as plaintiffs. Defendants' counsel cannot have a privileged communication with putative class members.

    b.)    Work Product Doctrine

The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." In re Grand Jury Supoena, 357 F.3d 900, 906 (9th Cir. 2004) (quoting Admiral Ins. Co. V. U.S. Dist. Court, 881 F.2d 1486, 1494 (9th Cir. 1989)). Nevertheless, the protection afforded by the doctrine is qualified and may be overcome if the party seeking disclosure shows that the materials are otherwise discoverable under Federal Rule of Civil Procedure 26(b)(1) and that "it has substantial need for the materials to prepare its case and cannot, without undue hardship,

obtain their substantial equivalent by other means." Fed. R. Civ. Pro. 26(b)(3)(A)(i),(ii). However, courts must protect against the disclosure of opinion work product - " the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. Pro. 26(b)(3)(B). "Under Ninth Circuit law, such opinion work product is discoverable only if it is 'at issue in the case and the need for the material is compelling.'" SEC v. Roberts, 254 F.R.D. 371, 375 (N.D. Cal. 2008) (quoting Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 273, 577 (9th Cir. 1992)).

      The Court does not consider the facts surrounding the witness interviews to be protected under the work product doctrine. The facts of where, when, whether the interviews were mandatory for Defendants' employees, who was present other than the interviewees, and how many putative class members were interviewed, do not reveal the attorney impressions or strategy regarding the pending litigation. However, the Court finds that the identities of the interviewees are protected.[1] An investigator's notes of witness interviews and other facets of a litigation-related investigation are likely to be permeated with the investigator's own impressions and possibly even attorney theories or strategy, and are therefore protected from discovery. See Hickman v. Taylor, 329 U.S. 495, 508, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (work product privilege covers "mental impressions, conclusions, opinions or legal theories"); Upjohn Co. v. United States, 449 U.S. 383, 399, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes."). Even to the extent such theories and strategy are not expressly written down in the notes, the fact that certain witnesses were interviewed and then not contacted further tends to reveal strategy. See In re MTI Tech. Corp. Sec. Litig. II, No. 00-0745, 2002 WL 32344347, at *3 (C.D.Cal. June 13, 2002) ("[I]f the identity of interviewed witnesses is disclosed, opposing counsel can infer which witnesses counsel considers important, revealing mental impressions and trial strategy. Such evaluations, impressions, and strategy are at the heart of the work product rule.").

---

[1] Rule 26(b)(1) obligates litigants to disclose the "identity and location of persons who know any discoverable matter." Although the Court has ruled at this time, in the pre-certification phase, that the identities of the individuals who were interviewed are protected attorney work product, defendants are on notice that they may be required to reveal the identities and location of these same witnesses should this case proceed into merit based discovery.

II.     Discovery Regarding Other Millard Entities

Plaintiffs request discovery regarding related Millard entities so that Plaintiffs may properly ascertain the size and members of the putative class. Plaintiffs contend that Millard may be a joint employer under California law, and thus related Millard entities may be liable for California labor code violations, or alternatively, that a related Millard entity may employ California workers. While Defendants adamantly assert that all California workers are employed by only Millard Mall. The Court finds that Plaintiffs' inquiry is relevant at the class certification stage.[2/] Generally, parties may obtain discovery regarding any "nonprivileged matter that is relevant to any party's claim or defense - including the existence [of] ... tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. Pro. 26(b)(1). While Defendants assert that this request is unreasonable, the Court agrees that Plaintiffs may be prejudiced if denied this information. Plaintiffs seek to confirm that Millard has no other California employees and determining the corporate structure of the Millard entities will assist Plaintiffs in properly defining the class.

III.    Plaintiffs' Request to Further Depose Defendants

Plaintiffs request that the Court order further depositions so that Plaintiffs may collect the information they seek regarding the factual details of the witness interviews and the Millard corporate structure. Federal Rule of Civil Procedure 30(d)(1) provides that although depositions are typically limited to one day of seven hours, a "court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." See also Fed. R. Civ. Pro. 30(a)(2)(A)(ii) ("A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): (A) if the parties have not stipulated to the deposition and: ... (ii) the deponent has already been deposed in the case...."). Here, Plaintiffs have shown that they need additional time to examine Defendants. The deposition transcripts make clear that Defendant's counsel not only "impede[d] or delay[ed] the examination" but terminated specific lines of questioning by improperly instructing

---

[2/] The Court declines to address the issue of the Millard Group's possible status as a joint employer and liability for labor code violations under California law.

1 the witness not to answer on grounds that the questions exceeded the noticed Rule 30(b)(6)
2 deposition topics and privilege.³ᐟ Nonetheless, Plaintiffs do not demonstrate that depositions rather
3 than interrogatories are appropriate. Under Rule 26(b)(2), a "Court must limit the frequency or
4 extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the
5 discovery ... can be obtained from some other source that is more convenient ... or less expensive."
6 Fed. R. Civ. Pro. 26(b)(2). Accordingly, the Court finds that Plaintiffs may draft interrogatories to
7 elicit the information regarding related Millard entities, and may conduct an additional Rule 30(b)(6)
8 deposition by telephone or video conference to inquire about the witness interviews. The deposition
9 may not exceed one hour.

DATED:  September 22, 2010

_____
Hon. William V. Gallo
U.S. Magistrate Judge

---

³ᐟ An attorney may instruct a witness not to answer at deposition in order to preserve a privilege or to enforce a limitation *ordered by the Court*. See Fed. R. Civ. P. 30(c)(2). The attorney does so at his and his client's peril if the Court finds that the privilege objection is invalid. Here, the Court has determined and Defendant has conceded that no attorney client privilege exists. The work product doctrine is not an evidentiary privilege but rather a limitation on discovery. Metzler Contracting Co., LLC v. Stephens, 642 F.Supp.2d 1192, 1204 (D. Haw. 2009); see also United States v. Nobles, 422 U.S. 225, 246, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975) ("[T]he 'work product' doctrine [operates] solely as a limitation on pretrial discovery and not as a qualified evidentiary privilege.")This Court did not address any limitation on discovery prior to the depositions at issue here.