UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GUADALUPE GONZALEZ, NORMA LOPEZ JUAN, individually and on behalf of others similarly situated,

Plaintiff,

v.

MILLARD MALL SERVICES, INC., THE MILLARD GROUP, AND DOES 1 THROUGH 50,

Defendants.

Civil No. 09cv2076-AJB(WVG)

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**[Doc. No. 95.]**

Before the Court is Defendants Millard Mall Services, Inc. ("Millard Mall") and The Millard Group, Inc.'s ("TMGI") motion for partial summary judgment alleging that the seventh cause of action under the Private Attorney General's Act ("PAGA") is barred by the statute of limitations. (Dkt. No. 95.) The motion is submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). After a review of the briefs, supporting documentation, and applicable law, the Court DENIES Defendants' motion for partial summary judgment.

**Procedural Background**

This action was originally filed in the Superior Court of California for the County of San Diego on April 1, 2009 alleging four causes of action. (Dkt. No. 1.) In May 2009, Plaintiffs filed a first amended complaint adding a fifth cause of action for penalties under PAGA alleging Defendants improperly issued out-of-state paychecks to employees in violation of California Labor Code ("Labor Code") section 212. (Id.) On September 22, 2009, the case was removed to this

Court pursuant to the Class Action Fairness Act. (Dkt. No. 1.) On February 11, 2010, Defendants filed a motion for judgment on the pleadings arguing that Plaintiffs failed to exhaust administrative remedies under California Labor Code sections 2699 and 212 and judgment should be entered for Millard on the PAGA claim. (Dkt. No. 16.) On April 7, 2010, the Court issued an order denying motion for judgment on the pleadings and granted Plaintiffs' request to file a second amended complaint. (Dkt. No. 28.) A second amended complaint ("SAC") was filed on April 12, 2010 alleging seven causes of action. (Dkt. No. 31.) On May 5, 2010, Defendants filed an answer. (Dkt. No. 36.)

On October 29, 2010, Plaintiffs filed a motion to certify class action. (Dkt. No. 48.) On February 4, 2011, Defendant TMGI filed a motion for summary judgment. (Dkt. No. 70.) On March 14, 2011, the case was transferred to the undersigned judge. (Dkt. No. 82.) On March 2, 2012, the Court granted in part and denied in part Plaintiffs' motion to certify class action. (Dkt. No. 89.) On March 6, 2012, the Court denied Defendant TMGI's motion for summary judgment. (Dkt. No. 90.) On May 25, 2012, both Defendants filed a motion for summary judgment on the PAGA claim. (Dkt. No. 95.) Plaintiffs filed an opposition on July 5, 2012. (Dkt. No. 97.) Defendants filed a reply on July 30, 2012. (Dkt. No. 99.)

## Discussion

### A. Legal Standard for Motion for Summary Judgment

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material when it affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. Celotex Corp., 477 U.S. at 323. The moving party can satisfy this burden by

demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial. Id. at 322-23. If the moving party fails to bear the initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-60 (1970).

Once the moving party has satisfied this burden, the nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324. If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law. Id. at 325. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In making this determination, the court must "view[] the evidence in the light most favorable to the nonmoving party." Fontana v. Haskin, 262 F.3d 871, 876 (9th Cir. 2001). The Court does not engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are for the trier of fact. Anderson, 477 U.S. at 255.

**C. Seventh Cause of Action - PAGA**

Defendants moves for summary judgment arguing the PAGA cause of action is barred by the statute of limitations. Specifically, they argue that Plaintiffs' notice of claim, which is a prerequisite to filing a civil action, is deficient. Plaintiffs oppose arguing that the notice is timely and sufficient to satisfy the PAGA requirement.

The purpose of the PAGA is to create a "means of 'deputizing' citizens as private attorneys general to enforce the Labor Code." Brown v. Ralphs Grocery Co., 197 Cal. App. 4th 489, 501 (2011). The relief is mainly "for the benefit of the general public rather than the party bringing the action." Id. (citation omitted). Under the PAGA, an employee may bring a private civil action for Labor Code violations committed against the employee by his or her employer. Cal. Labor Code § 2699(c). Individuals who bring a claim under PAGA must comply with the administrative

procedures set forth in Labor Code section 2699.3.

California Labor Code section 2699.3(a)(1) provides that an "aggrieved employee . . . shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, *including the facts and theories to support the alleged violation*." Cal. Labor Code § 2699.3(a)(1) (emphasis added). "The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699." Id. § 2699.3(a)(2)(A). The aggrieved employee may only file suit after the Labor And Workforce Development Agency ("LWDA") gives notice that it has decided not to investigate or if the LWDA does not act within the time deadlines. Id. § 2699.3(a)(2)(B).

PAGA is also subject to a one year statute of limitations period under California Code of Civil Procedure section 340(a). Thomas v. Home Depot USA Inc, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007); see also Soto v. Castlerock Farming and Transport, Inc., 2012 WL 1292519, *4 (E.D. Cal. April 16, 2012); Jayme v. Checksmart Financial, LLC, 2010 WL 2900333, *2 (E.D. Cal. July 22, 2010); Yadira v. Fernandez, 2011 WL 2434043, *5 (N.D. Cal. June 14, 2011). An employee must exhaust administrative remedies before the LWDA within one year of terminating employment with the Defendants in order to satisfy the statute of limitations. See Soto, 2012 WL 1292519 at *6; Santiago v. Amdocs, Inc., 2011 WL 1303395, *5 (N.D. Cal. Apr. 2, 2011).

Plaintiff Normal Lopez Juan's employment with Defendants ended in July 2008. (Dkt. No. 31, SAC ¶ 5.) Plaintiff Guadalupe Gonzalez' employment with Defendants ended in September 2008. (Id. ¶ 4.) Under the one year statute of limitations, Plaintiffs must have exhausted administrative remedies in July and September 2009, respectively.

On April 1, 2009, Plaintiffs filed the original complaint alleging four causes of action under California state law. On the same day, Plaintiffs' counsel sent a letter providing notice to Defendants and to the LWDA to comply with Labor Code section 2699.3. (Dkt. No. 95-2, Giddens

Decl., Ex. B; Dkt. No. 97-3, Jusuf Decl., Ex. 1.) The letter stated:

> This office and the Law Offices of Sahag Majarian II represent Guadalupe Gonzalez and Normal Lopez Juan, former employees of Millard Mall Services, Inc. and The Mallard Group ("Defendants") in a potential class action against Borg Produce Sales[1] for various violations of California wage and hour laws. This letter is sent pursuant to Labor Code § 2699.3.
>
> Labor Code § 212(a) forbids employers in California from issuing payment of wages in an instrument that is not (1) negotiable, (2) payable in cash, (3) on demand, (4) without discount, (5) at an established place of business in California, (6) the name and address of which appears on the instrument, and (7) which place of business has been prepared, by the deposit of funds, understanding to pay the money called for by the instrument. In violation of these statutory requirements, the Defendants issued pay checks out of a bank in Illinois and the address of the bank does not appear on the checks.

(Dkt. No. 95-2, Giddens Decl., Ex. B.)

After the expiration of the 33-day period for the LWDA to notify Plaintiffs whether it intended to investigate the alleged violation, and having received no notice, on May 26, 2009, Plaintiffs filed a first amended complaint adding a fifth cause of action for civil penalty under PAGA for violation of Labor Code section 212. (Dkt. No. 97-3, Jusuf Decl. Ex. 2.) The FAC alleged exhaustion of administrative remedies based on the April 1, 2009 letter to the LWDA. (Dkt. No. 95-2, Giddens Decl., Ex. C ¶ 53.) Subsequently, on June 4, 2009, the LWDA sent a letter to Plaintiffs and Defendants stating that LWDA did not intend to investigate the alleged violation and reminded Plaintiffs that any civil penalties collected in a civil action must be distributed 75% to the LWDA and 25% to the employees. (Dkt. No. 97-3, Jusuf Decl., Ex. 3.)

On February 11, 2010, Defendants filed a motion for judgment on the pleadings as to the PAGA claim arguing that the April 1, 2009 letter to the LWDA was deficient and therefore they had failed to properly exhaust administrative remedies. In response to Defendants' motion for judgment on the pleadings, on February 19, 2010, Plaintiffs sent a second letter to the LWDA and Defendants clarifying the April 1, 2009 letter. (Dkt. No. 97-2, Jusuf Decl., Ex. 4.) The letter stated:

> On April 1, 2008, on behalf of my clients, Guadalupe Gonzalez and Norma Lopez Juan, I sent you a PAGA claim letter pursuant to Labor Code § 2699.3 regarding violation of Labor Code § 212 by their former

[1] In their subsequent notice to the LWDA sent on February 19, 2010, Plaintiffs clarified that the "Borg Produce" reference was a typographical error.

> employers Millard Mall Services, Inc. and The Mallard Group ("Millard").
>
> My April 1, 2009 letter states the following:
>
> > Labor Code § 212(a) forbids employers in California from issuing payment of wages in an instrument that is not (1) negotiable, (2) payable in cash, (3) on demand, (4) without discount, (5) at an established place of business in California, (6) the name and address of which appears on the instrument, and (7) which place of business has been prepared, by the deposit of funds, understanding to pay the money called for by the instrument. In violation of these statutory requirements, the Defendants issued pay checks out of a bank in Illinois and the address of the bank does not appear on the checks.
>
> Millard is contending that the April 1, 2009 letter did not provide sufficient notice regarding the alleged violation. While I disagree with Millard's contention, in the interest of clarity, I am writing to clarify that Millard has violated Labor Code 212(a) by paying wages with checks drawn out of a bank in Illinois, there is no address of the bank on the checks, and there is no California address where the checks can be cashed appearing on the checks. A copy of such pay checks is attached.

(Dkt. No. 97-5, Jusuf Decl., Ex. 4.)

On February 23, 2010, in opposition to the motion for judgment on the pleadings, Plaintiffs requested leave to file a second amended complaint. (Dkt. No. 18.) On April 7, 2010, the Court denied Defendants' motion for judgment on the pleadings and granted Plaintiffs' request for leave to file a second amended complaint. (Dkt. No. 28.) The Court declined to resolve the dispute regarding the sufficiency of the April 1, 2009 notice letter concluding that "because once Plaintiffs file their Second Amended Complaint it will be moot." (Dkt. No. 28.) Accordingly, on April 12, 2010, Plaintiffs filed a second amended complaint alleging violations under PAGA. (Dkt. No. 31.)

In subsequent discovery proceedings, the parties disputed the scope of discovery under the PAGA claim. Plaintiffs argued that the discovery period is defined by their April 1, 2009 notice while Defendants argued that since the April 1, 2009 notice was defective, discovery should be defined by Plaintiffs' second notice served on February 19, 2010. The magistrate judge stated that "[a]lthough Plaintiffs' April 1, 2009 notice does not mirror the explicit terms found in Labor Code Section 212, it nonetheless captures the spirit and essence of the provision." (Dkt. No. 35.) Based on the broad discovery standard under Federal Rule of Civil Procedure 26(b)(1) that allows discovery on "any nonprivileged matter that is relevant to any party's claim or defense", the

magistrate judge concluded that Plaintiffs may discover information relating to their PAGA claim dating back to April 1, 2008, one year preceding Plaintiffs' first letter to the LWDA. (Id.)

Defendants argue that Plaintiffs did not provide a compliant written notice to LWDA until February 2010 which is well after the statute of limitations expired. The parties do not dispute the facts in this case. They dispute whether the April 1, 2009 notice was sufficient to provide notice to the LWDA regarding the PAGA cause of action for the alleged violation of California Labor Code section 212. Specifically, the parties dispute whether the April 1, 2009 notice provided "the facts and theories to support the alleged violation." See Cal. Labor Code § 2699.3(a)(1).

Only unpublished cases have addressed what is sufficient to provide notice to the LWDA under section 2699.3(a)(1). In the only unpublished Ninth Circuit case, the Court affirmed the district court's dismissal of Plaintiffs' claims under PAGA and stated that "[t]he demand letter merely lists several California Labor Code provisions [plaintiff] alleges [defendant] violated and requests that [defendant] conduct an investigation." Archila v. KFC U.S. Props., Inc., 420 Fed. Appx. 667, 699 (9th Cir. 2011). The Court stated that none of the documents submitted contained "facts and theories" to support his allegations and that "neither letter contains any factual allegations whatsoever." Id.

In Soto, the district court cited the Archila case and retrieved the notice letter sent to the LWDA from the court's docket and took judicial notice of it. Soto v. Castlerock Farming and Transprt, Inc., 2012 WL 1292519, *8 (E.D. Cal. April 16, 2012). In Archila, Plaintiffs' letter stated "[t]his office represents Kenny Archila who currently works for KFC . . . . We are investigating a potential class action on behalf of current and former employees, who worked for KFC for premium pay requirements related to KFC's practice of denying rest periods and lunch periods to these workers in violation of IWC Wage Order 10 and [long list of specific California Labor Code sections]." Id. Since the notice letter in Archila was similar in the level of detail with the Plaintiff in Soto, the district court granted Defendant's motion for summary adjudication on the PAGA claim. Id. In Soto, the notice stated, "[t]hese employees are or have been employed by Castlerock Farming and Transport, Inc. in the company's grape growing operations. Payment has not been made for all work actually required and permitted to be performed, and for all rest and meal periods. The

employer has violated various provisions of the Labor Code. Liability may be based on [long list of specific California Labor Code sections]." Soto, 2012 WL 1292519, at *8.

Based on the ruling in the Archila case, the Soto court stated that the Ninth Circuit requires an exceedingly detailed level of specificity for Section 2699.3(a)(1) to be satisfied. Id. However, the Court disagrees with the Soto's court's interpretation of the Ninth Circuit notice requirement that the notice must have an "exceedingly detailed level of specificity." In Archila and Soto, the plaintiffs listed a long list of California statutory violations without any factual support as to all the violations. See Archila v. KFC U.S. Properties, Inc., 09cv0107-R-FMO, Dkt. No. 54-2 (C.D. Cal. 2011).

Other district courts have come to a different conclusion as to what is required for the notice under Labor Code section 2699.3(a)(1). One court held that the LWDA notice letter complied with section 2699.3 because it named specific "aggrieved employees" and identified at least some alleged facts and theories. Moua v. I.B.M., 2012 WL 370570, *5 (N.D. Cal. 2012). Another district court concluded that the notice require under PAGA was met when Plaintiffs put forth "sufficient facts to support their claims of labor violations." Cardenas v. McLane FoodServices, Inc., 796 F. Supp. 2d 1246, 1260 (C.D. Cal. 2011) (PAGA's requirement does not require the inclusion of every potential fact or every future theory). The notice letter plaintiffs submitted to the LWDA in Moua is similar to the one sent by the plaintiffs in this case. See Moua v. I.B.M., 2012 WL 370570, Dkt. No. 59 (N.D. Cal. 2012). Although the plaintiffs in Moua alleged many Labor Code violations, as to each violation, they stated the statutory provision and how Defendant failed to comply with California law. See id.

In this case, the April 1, 2009 notice states one specific labor code violation as well as facts to support that violation. A violation of Labor Code section 212 prohibits employers from issuing paychecks that is not negotiable, payable in cash, on demand, without discount, at an established place of business in California, the name and address of which appears on the instrument, and which place of business has been prepared, by the deposit of funds, understanding to pay the money called for by the instrument. Labor Code § 212. Plaintiffs April 1, 2009 letter states, "[i]n violation of these statutory requirements, the Defendants issued pay checks out of a bank in Illinois and the

address of the bank does not appear on the checks." The only difference between the April 1, 2009 and the February 19, 2010 letter, which Defendants concede is compliant, is the addition of the phrase, "and there is no California address where the checks can be cashed appearing on the checks." (Dkt. No. 97-5, Jusuf Decl., Ex. 4.)

Contrary to the notice letter in Archila where Plaintiffs merely listed a long list of specific labor code sections without any facts to support each, here, Plaintiffs state the labor code violation and provides sufficient facts to provide notice to the LWDA. In addition, the fact there was no California address where the checks could be cash could be implied in the phrase "Defendants issued pay checks out of a bank in Illinois and the address of the bank does not appear on the checks." The Court concludes that the April 1, 2009 notice provides sufficient facts to support Plaintiffs' PAGA claim of a violation of Labor Code section 212. See Cal. Labor Code § 2699.3(a)(1).

**Conclusion**

Based on the above, the Court DENIES Defendants' motion for partial summary judgment as to the PAGA claim in the seventh cause of action.

IT IS SO ORDERED.

DATED: August 21, 2012

Hon. Anthony J. Battaglia
U.S. District Judge